IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------

EVANGELOS STAMATOPOULOS, et al,

                              Plaintiffs,

          -vs-

ALL SEASONS CONTRACTING, INC., et al,

                              Defendants.

---------------------------------------------------

: CASE NO.  1:12 CV 1916
:
:
:
: MEMORANDUM OF OPINION AND
: ORDER
:
:
:
:
:
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Before the Court are a motion to remand and a motion for attorneys' fees and

costs, filed by the plaintiffs Evangelos Stamatopoulos and Lightning Capital Holdings,

LLC. The defendants have not responded. For the reasons that follow, the plaintiffs'

motions will be granted.

     **I. Background**

     According to the state court complaint, the defendants All Seasons Contracting,

Inc., All Seasons Contracting and Painting, Inc., and All Seasons Contracting and

Landscaping, (collectively "All Seasons defendants"), are Ohio corporations engaged in

the business of general contracting, commercial bridge maintenance and repair, lead

abatement and painting, and commercial landscaping. On 7 June 2010, the All Seasons

defendants filed for Chapter 11 Bankruptcy and continued to operate as debtors in

possession. By 11 April 2011, the All Seasons defendants had entered into a purchase agreement with the plaintiffs, subject to the approval of the bankruptcy court, for the sale of all their assets, free and clear of all liens. The plaintiffs agreed to pay the All Seasons defendants' biggest creditor $220,000, in exchange for various pieces of heavy equipment, such as vacuum trucks, recycling machines, and dust collectors, among others. The bankruptcy court approved the sale on 13 June 2011. The bankruptcy case was dismissed on 1 September 2011.

The plaintiffs maintain that they held up their end of the bargain, by paying what was owed to the All Seasons defendants' creditor. But, the plaintiffs say that the All Seasons defendants never made good on their promise, because they refused to deliver, and disclose the location of, many of the agreed upon items.  On 27 June 2012, the plaintiffs filed a complaint in Cuyahoga Court of Common Pleas alleging that defendant Mark N. Fourtounis is the alter ego of the other named defendants, and that all defendants are liable for the breaches and torts of each other. The plaintiffs brought a number of state law claims, including breach of contract, fraudulent inducement and negligent misrepresentation, conversion, replevin and injunctive relief, unjust enrichment; and trespass to chattels.

The defendants filed a notice of removal to this Court on 24 July 2012. They contend that this matter is within the Court's jurisdiction as a federal question, because the plaintiffs' claims arise under the Constitution, treaties, and laws of the United States. (Notice of Removal, ¶7). The defendants say that the plaintiffs seek to recover damages for alleged violations of rights under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-3(a). (Notice of Removal, ¶6). The plaintiffs filed an unopposed motion to remand on 1

2

August 2012, arguing that this matter does not fit within the Court's federal question jurisdiction, because the complaint, on its face, presents only issues of state law. (Doc. 15). The Court agrees.

## II. The Removal Standard

The federal removal statute allows a defendant to remove "civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." Lincoln Prop. Co. v. Roche, 546 U.S. 81(2005). The removal statute is to be strictly construed, and any doubt concerning the propriety of removal should be resolved in favor of remand. See Union Planters Nat. Bank of Memphis v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977). A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir.2006).

Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." Thornton v. Sw. Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir.1990) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).

3

### III. Discussion

The defendants have not met their burden to demonstrate that the plaintiffs' case involves a federal question. They contend that the plaintiffs' lawsuit somehow amounts to a federal civil rights action, but this is manifestly not the case, as the complaint reveals six claims, all pleaded under state law. Further, the defendants do not explain how the plaintiffs' right to relief under these state law claims could possibly depend upon the resolution of a substantial question of federal law. Therefore, the defendants have not demonstrated the existence of federal question jurisdiction.

Although the defendants do not allege diversity as a basis for removal, they would not be successful if they had. Pursuant to Section 1441(b)(2), an action "otherwise removable solely on the basis of [diversity] may not be removed if any of the parties properly joined and served as defendants is a Citizen of the state in which such action is brought." In this instance, all the defendants are citizens of Ohio. Therefore, even if the defendants had satisfied the amount in controversy requirement and demonstrated the existence of complete diversity, which they have not, removal would still be improper.

Not only is removal jurisdiction lacking in this instance, the defendants had no objectively reasonable basis for arguing otherwise. As a consequence, the Court is authorized, in its discretion, to award costs and fees to the plaintiff. Pursuant to 28 U.S.C. §1447(c), the Court may award costs and fees "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this instance, an award of costs and fees is warranted.

4

**IV. Conclusion**

For the foregoing reasons, the plaintiffs' motion to remand is granted.  The plaintiffs' motion for attorneys fees and costs is granted.  This matter is hereby remanded to Cuyahoga Court of Common Pleas. The plaintiffs' are directed to submit for this Court's review a notice of attorneys' fees and costs incurred as a result of the defendants' improper removal, along with supporting documentation.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 23 October 2012

5